# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>  vs.<br><br>MARITZA BURGUENO-GONZALEZ,<br><br>                      Defendant. | CASE NO. 17CR0245-LAB<br><br>**ORDER REJECTING FOR FILING *EX PARTE* UNDER SEAL IN LIMINE MOTION AND APPLICATION FOR RULE 17(B) SUBPOENAS** |

Defendant Maritza Burgueno-Gonzalez (Burgueno) is charged with importing a controlled substance into the United States and her trial is set to begin May 2, 2017. The Court is scheduled to hear motions in limine in the case on May 1, 2017.

Less than a week before the scheduled trial date – on April 26, 2017 – the Court received in chambers two pleadings, captioned respectively "Defendant's <u>Ex Parte Under Seal</u> Proffer and "Ex Parte/Under Seal Application For Order Permitting Issuance of Subpoenas Under Rule 17(b)." In brief, and without revealing the particulars of the defense proffer, the pleading argues in favor of the admissibility of proffered evidence supporting a duress defense. The motion does not contain a Proof of Service, and it does not appear to have been served on the plaintiff in this case, the United States of America. The Court rejects the pleading, and orders that it is not to be filed by the Clerk's office.

Whether a defendant has the burden of proving duress by a preponderance of the evidence, or alternatively, whether the government must establish the absence of duress beyond a reasonable doubt, is a question of law. *United States v. Meraz-Solomon*, 3 F.3d 298, 299 (9th Cir. 1993). When the

1 burden is on the defendant, he must establish three elements before he is entitled to a jury instruction
2 on duress: (1) an immediate threat of death or serious bodily injury; (2) a well-grounded fear the threat
3 will be carried out; and (3) lack of reasonable opportunity to escape the threatened harm. *United States*
4 *v. Becerra*, 992 F.2d 960, 964 (9th Cir. 1993). Where the defendant is unable to make a *prima facie*
5 showing of all three elements, the Court should exclude evidence of the duress defense. *Id.; United*
6 *States v. Contento-Pachon*, 723 F.2d 691, 693 (9th Cir. 1984). While a district court may determine
7 the sufficiency of evidence to support a duress defense by a motion in limine, *United States v. Dorrell*,
8 758 F.2d 427, 430 (9th Cir. 1985), by filing her pleading *ex parte* and under seal in this case, the
9 defendant is asking the Court to make legal rulings respecting the adequacy of her proffered duress
10 evidence in what amounts to an *in camera* hearing, without notice to, or the opportunity for, the United
11 States to oppose the motion.

12 It is unnecessary for the Court to decide whether it has inherent power to grant a criminal
13 defendant an *in camera* hearing, excluding the other litigant party – the prosecution – and to receive
14 proffered evidence for substantive purposes on an issue dispositive of the litigation. If a district court
15 has such power, its invocation would surely require a compelling showing of necessity, and its exercise
16 would require sound judicial discretion based on a recognition that exercise of the power virtually
17 obliterates as to one party all of the basic and fundamental rights included in the concept of a fair trial:
18 the right to be present during all important stages of the proceedings; the right to hear testimony or,
19 as here, to be made aware of proffered evidence; the right to test the truth and accuracy of the proffered
20 evidence by cross-examination; the right to present rebuttal evidence; and the right to be heard in
21 meaningful argument.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1   In this case, the defendant hasn't attempted to make such a showing,[1] and the Court finds that
2   to entertain the motion and rule on it without giving notice and the opportunity to be heard to the
3   prosecution would be unfair and prejudicial to the fair trial rights of the United States.
4   Defendant's Ex Parte Under Seal Motion In Limine is **REJECTED**, without prejudice to
5   refiling it with proper notice to the United States.[2]

**IT IS SO ORDERED**.

DATED: April 28, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

cc:   All Counsel of Record

---

[1] The defense application recites merely that the motion is filed *ex parte* because it reveals confidential defense strategy and is protected by the work product privilege and the attorney client privilege. But the proposed defense strategy proposed is subject to the Court making a substantive legal ruling to admit evidence at trial. For reasons outlined above, it is improper and would be unfair for the Court to make that ruling without providing the opposing party notice of the evidence and the opportunity to be heard in opposition. Because the defense intends to introduce the evidence at trial, the Court finds that they have prospectively waived the work product privilege. As for the attorney client privilege, the defense submission does not explain how that privilege will be implicated in the presentation of the anticipated evidence – especially if the defendant herself testifies.

[2] Defendant's accompanying *ex parte* application for the issuance of Rule 17(b) subpoenas is also **DENIED** without prejudice. Absent a determination by the Court that the defendant may present a duress defense, there is no good cause shown at this time for the issuance of the requested subpoenas. Notwithstanding the last minute submission of this application, the Court assumes that defense counsel has communicated with the prospective witnesses and has the ability to promptly procure them for trialif the Rule 17(b) subpoenas are subsequently granted.